In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-1266

THE YORK GROUP, INC.,

*Plaintiff-Appellee*,

*v.*

WUXI TAIHU TRACTOR COMPANY, LIMITED, *et al.*,

*Defendants*.

APPEAL OF:

DANIEL BENEFIELD

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 09 C 2141—**George W. Lindberg**, *Judge*.

ARGUED SEPTEMBER 13, 2010—DECIDED FEBRUARY 4, 2011

Before EASTERBROOK, *Chief Judge*, and POSNER and TINDER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. The York Group served Daniel Benefield with a subpoena to give evidence in its suit (pending in a federal district court in Texas) against Wuxi Taihu Tractor Company. Benefield neither

complied nor moved to quash. After three months had passed, a district judge in Illinois (the proper venue, see Fed. R. Civ. P. 45(a)(2)(C)) enforced the subpoena. After four more weeks passed without action by Benefield, York moved to hold him in contempt. When he did not appear at the hearing set for June 10, 2009, or at another on June 23, the judge found him in civil contempt, imposed a fine, and ordered him to reimburse York's legal expenses.

The monetary award against Benefield came to slightly more than $22,000. When he did not pay, York obtained an order garnishing Benefield's checking account. That finally got his attention. On October 2, 2009, more than three months after the contempt adjudication (and after the time for appeal had expired), Benefield filed a motion under Fed. R. Civ. P. 60(b). He contended among other things that he had not been served with a copy of the subpoena and that he was therefore entitled to disregard the proceedings. The district judge concluded that this was the only preserved issue, for, if Benefield had been served, he needed to comply or move to quash rather than ignore the proceedings as he had done. After an evidentiary hearing, the judge found that Benefield had been properly served when a copy of the subpoena was left at his residence while he was at home and refusing to open the door. Next Benefield filed a motion under Fed. R. Civ. P. 59(e), asking the judge to reconsider. This motion presented some arguments that had not been made in the Rule 60 motion or at the hearing. The district judge deemed them

forfeited and denied the motion. At last Benefield appealed.

Benefield wants us to review all of the district court's orders, including the orders of June 2009 finding him in contempt and directing him to pay York more than $22,000. He did not file a timely notice of appeal from these orders, however. Indeed, it is unclear whether he filed a timely notice of appeal from the order denying his Rule 60(b) motion. Because a timely notice is a jurisdictional requirement in civil litigation, see *Bowles v. Russell*, 551 U.S. 205 (2007), we must start with this question even though the parties have paid it scant attention.

A timely post-judgment motion in the district court suspends the judgment's finality and thus defers the time for appeal until the district judge has acted on the motion. Fed. R. App. P. 4(a)(4). But Rule 4(a) refers to a *single* post-judgment motion. A second or successive post-judgment motion does not affect the time for appeal. See, e.g., *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 515–16 (7th Cir. 2006); *SEC v. Van Waeyenberghe*, 284 F.3d 812, 814 (7th Cir. 2002); *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986). Benefield filed two: first the Rule 60(b) motion, then the Rule 59(e) motion. If they are treated as successive, then the notice of appeal must be dismissed as untimely, because Benefield did not appeal within 30 days of either the contempt order or the decision denying the Rule 60(b) motion to vacate that order.

A motion under Rule 60(b) has a property that makes it inappropriate to treat Benefield's two motions as suc-

cessive. A Rule 60(b) motion does *not* suspend a judgment's finality unless filed within 28 days of its entry. Fed. R. App. P. 4(a)(4)(A)(vi); Fed. R. Civ. P. 60(c)(2). A motion filed later does not affect the time to appeal the judgment but is treated as initiating a new proceeding whose decision is independently final and appealable. *Browder v. Director, Department of Corrections*, 434 U.S. 257, 263 n.7 (1978). A timely Rule 59 motion following this new final judgment then operates as Rule 4(a)(4) specifies and defers the time for appeal. See *Martinez v. Chicago*, 499 F.3d 721, 727 (7th Cir. 2007); *Inryco, Inc. v. Metropolitan Engineering Co.*, 708 F.2d 1225, 1232 (7th Cir. 1983). Accord, *Moody v. Pepsi-Cola Metropolitan Bottling Co.*, 915 F.2d 201 (6th Cir. 1990); *Stark v. Lambert*, 750 F.2d 45 (8th Cir. 1984); Charles Alan Wright & Arthur R. Miller, 16A *Federal Practice & Procedure* §3950.4 (2d ed. 2008).

This approach to appellate jurisdiction has a corollary: The only reviewable decision is that on the Rule 60(b) motion itself. Antecedent decisions cannot be reviewed, because they were final and the time to appeal expired. *McKnight v. United States Steel Corp.*, 726 F.2d 333, 338 (7th Cir. 1984). This means that the only question Benefield has preserved for appeal is whether he was served with process (plus any additional question properly raised by the Rule 59 motion, a subject to which we return). Other issues, such as whether he was properly found in contempt of court and how much he has to pay as a consequence, are beyond appellate review.

In response to the Rule 60 motion, the district court held a hearing. Benefield contended that he lives in

China, not Illinois, and that he is separated from his wife and has nothing to do with her home, where the subpoena was delivered. The judge was not persuaded. He received, and believed, two principal pieces of evidence: a statement by the process server, and an affidavit by Benefield's next door neighbor. Here is what the process server related:

> On Friday night I was told by an Asian lady at residence that Benefield lives in China and does not live here. I did a skip/trace on him later at my office and found that he indeed lives at 709 Columbine [Ave. in Lombard, Illinois] and may have a business at 2635 W. Grand Ave Chicago IL. She lied to me. Her name may be Donna Benefield. I went again on 2/7/2009 at 8:00AM and no one answered the door. White PT Cruiser in garage. On 2/8/2009 I went out again and a neighbor told me he just helped Benefield move a pool table to the street in front of the house. I saw w/m by window inside house look out when I knocked on back window. I announced paper and put it at side door inside enclosed pouch when I heard someone inside the house. They are both clearly trying to evade service. At the same time I was there a high school friend of his drove up and said he is at home. He said he came over to see him.

York also proffered an affidavit by Donald R. Barratt, who has lived at 701 Columbine Ave. since 2004. Barratt stated that he knew that both Daniel and Donna

Benefield live at 709 Columbine, because he had spoken with both of them many times. He also stated that he had helped the Benefields move a pool table to the curb on February 8 and later had talked with the process server after the Benefields refused to open the door. Like the process server, Barratt saw the window curtains move and an occupant look out.

The district judge asked Benefield's lawyer whether he wanted a continuance so that he could interview Barratt, ask him to give live testimony, or develop evidence to undermine Barratt's affidavit. Counsel declined the opportunity and did not present any evidence to counter that from Barratt and the process server. This led the judge to find that Daniel Benefield lived at 709 Columbine Ave. and that service was effective because both Benefields were in the house when the process server delivered the subpoena to their door. That finding is supported by the evidence to which the district judge referred; we could not possibly deem it clearly erroneous (the standard of appellate review of a finding made in a hearing under Fed. R. Civ. P. 12(b)(2)). See *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan*, 582 F.3d 393, 395 (2d Cir. 2009); *Pennzoil Products Co. v. Colelli & Associates, Inc.*, 149 F.3d 197, 200 (3d Cir. 1998); *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 147 (1st Cir. 1995).

Benefield's motion under Rule 59 advanced two arguments. The first was that the subpoena was ineffective because addressed to

One Stop China Ltd.
c/o Daniel H. Benefield, Jr.

rather than Daniel Benefield personally. The second was that Barratt held a grudge against Benefield and that his testimony therefore should not be believed. The district judge concluded that both arguments had been forfeited, because they not only were omitted from the Rule 60 motion but also were not raised during the hearing. The judge thought the argument about Barratt especially feeble, because counsel had declined the proffered opportunity at the hearing to present just the sort of contention that the Rule 59 motion later made.

The district judge handled the Rule 59 motion soundly. The arguments were indeed forfeited. If the reference to One Stop China made service on Benefield (as its representative) ineffective, that argument could and should have been raised in the Rule 60 motion, and the other argument was waived during the hearing.

Benefield contends that this cannot be so, because jurisdictional arguments may be raised at any time, even if never presented to the district court. He misunderstands that rule, which deals with subject-matter jurisdiction—that is, whether the tribunal is competent to resolve the dispute. See, e.g., *Morrison v. National Australia Bank, Ltd.*, 130 S. Ct. 2869, 2877 (2010); *Reed Elsevier, Inc. v. Muchnik*, 130 S. Ct. 1237, 1243–44 (2010). The effectiveness of service concerns *personal* jurisdiction, not subject-matter jurisdiction. Personal jurisdiction may be conceded (as subject-matter jurisdiction cannot be) or forfeited by delay in objecting. See Fed. R. Civ. P. 12(h)(1); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 703–05 (1982).

For what little it may be worth, we add that Benefield's argument is wrong on the merits. He describes One Stop China as his proprietorship. A proprietorship is just a name that a real person uses when doing business; it is not a juridical entity. *Vernon v. Schuster*, 179 Ill. 2d 338, 347, 688 N.E.2d 1172, 1176–77 (1977) ("a sole proprietorship has no legal identity separate from that of the individual who owns it"). The only entity is the proprietor—here, Daniel Benefield. "One Stop China" and "Daniel Benefield" are two names for the same person. Either will do; both are better. The subpoena used both, to curtail the risk of evasion; this precaution made the subpoena easier to enforce, not (as Benefield supposes) impossible to enforce. Benefield misunderstands *Schiavone v. Fortune*, 477 U.S. 21 (1986), the decision on which he principally relied in the district court. In *Schiavone* the plaintiff sued "Fortune", a trade name used by Time, Inc., but did not identify Time as a party. A proprietorship is not a trade name, a bit of intellectual property employed by a larger enterprise. "One Stop China" is the name of Daniel Benefield's business, just as "Time, Inc." is the name of the corporation that publishes the magazine *Fortune*. It is no more helpful to call "One Stop China" a trade name or a "misnomer" (which Benefield also does) than it would be to call "Daniel Benefield" a trade name for someone who really ought to be identified by a fingerprint, retina pattern, or DNA sequence. When filing a suit, or serving a subpoena, it is enough to specify the real party in interest. Fed. R. Civ. P. 17. Either "One Stop China" or "Daniel Benefield" does that, in a way that "Fortune" (without any mention of Time, Inc.) did not.

It is long past time for Benefield to perform his legal obligations. The judgment is

AFFIRMED.