NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2011[*]
Decided August 18, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1336

| | |
|---|---|
| VICTOR GULLEY, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 10 C 573 |
| PIERCE & ASSOCIATES, P.C., et al., | |
|     *Defendants-Appellees.* | Matthew F. Kennelly, *Judge.* |

**O R D E R**

Victor Gulley appeals the dismissal of his complaint against U.S. Bank National Association, as Trustee of the BNC Mortgage Loan Trust 2007-1, and two law firms, Codilis & Associates, P.C. and Pierce & Associates, P.C., for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, which protects debtors against harassment and unfair collection methods. He further claims that U.S. Bank violated the Fair Credit

---

[*]One of the defendants, Codilis & Associates, P.C., is not participating in this appeal. After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Reporting Act, *id.* §§ 1681-1681x, which governs the furnishing of information about debts to credit reporting agencies. We affirm.

According to the second amended complaint (and court records attached to the defendants' motions to dismiss), Gulley acquired a mortgage loan in 2006 from BNC Mortgage, Inc. to buy a property in Chicago. BNC assigned the mortgage to U.S. Bank, which determined in 2008 that Gulley was behind on his payments. Gulley, apparently questioning some aspect of the debt, refused to pay.

The bank and its Codilis attorneys then started writing and calling him about the alleged debt, sometimes as often as four times a day, both at home and at his workplace. They contacted unspecified family members in Kansas City, Missouri, and Skokie, Illinois, and asked them about the debt. The letters and calls were generally vague and confusing. Throughout 2008 Gulley asked, to no avail, that the bank and Codilis verify the debt and notify credit reporting agencies that it was disputed. Along the way, U.S. Bank informed credit reporting agencies about Gulley's refusal to pay, which depressed his credit score and left him unable to obtain credit at reasonable rates.

Next, the bank, still represented by Codilis, initiated foreclosure proceedings in late 2008 and acquired title to the property in 2009. In January 2010, the bank evicted from the property a third party who was occupying it. Pierce represented the bank in the eviction proceedings, and Gulley claims that in the process, the firm wrongly told the third-party occupant about his alleged debt, somehow "proceeded with collection" of the debt without verifying it, and failed to disclose Pierce's identity as a debt collector and the precise nature of the debt. These murky allegations against Pierce seem to rest on an assumption that evicting a third party from the property, then owned by U.S. Bank, constituted an attempt to collect a debt from Gulley.

Gulley filed this action less than a month after the eviction, claiming that all the defendants violated the FDCPA by contacting him an unreasonable number of times, trying to collect a disputed and unverified debt, contacting third parties about the debt, and sending him unclear, false, and misleading documents. He further claimed that U.S. Bank violated the FCRA by giving inaccurate information to credit reporting agencies and failing to investigate his dispute.

The district court granted U.S. Bank's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). The court concluded that the FDCPA claims against the bank were untimely (even assuming that U.S. Bank was a "debt collector" covered by the FDCPA, an issue U.S. Bank contests); that U.S. Bank's duty under the FCRA to provide accurate information to credit reporting agencies is not enforceable by a private party like

Gulley; and that the statutory duty under the FCRA to investigate a disputed debt, which *is* privately enforceable, may be triggered only by a formal notice of dispute from a credit reporting agency, and no such notice was sent here. The court also granted Pierce's motion to dismiss because the firm's representation of U.S. Bank in eviction proceedings was aimed at enforcing the bank's possessory rights against a third party, not collecting a debt from Gulley. Finally, the court permitted Gulley to proceed with his FDCPA claim against Codilis, but he has since settled with that firm.

On appeal Gulley contends that the district court erred in finding his FDCPA claims against U.S. Bank time-barred. But the limitations period for such claims is one year. 15 U.S.C. § 1692k(d); *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 910 (6th Cir. 2010). The alleged violations happened in 2008, and Gulley did not file his complaint until 2010. He now asserts that the defendants committed unspecified fraud that he thinks should toll the limitations period, but this assertion falls short of describing the fraud or explaining how it prevented him from timely discovering the basis of his own claims. *See Ruth*, 604 F.3d at 910; *see also* FED. R. CIV. P. 9(b) (fraud must be pleaded with particularity); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). Alternatively, Gulley insists that at least one FDCPA claim is timely because, he now says for the first time, he asked U.S. Bank to verify his debt as late as October 2009, just a few months before he filed his complaint. But a claim based on that request would lack merit because 15 U.S.C. § 1692g(b) limits a debt collector's duty of verification to requests made within 30 days after the debtor receives notice of a debt, and Gulley's October 2009 request was at least a year late.

Next, Gulley challenges the court's conclusion that U.S. Bank did not violate § 1681s-2(b) of the FCRA, which requires banks to investigate the underlying facts of a dispute when credit reporting agencies send them a formal notice of the debtor's dispute, *see* 15 U.S.C. § 1681i(a)(2); Gulley stresses that he reported the dispute to Experian, one of the credit reporting agencies. He acknowledges, however, as he did in the district court, that Experian and the other agencies never treated the debt as disputed. As the district court recognized, absent a formal notice from a credit reporting agency, U.S. Bank's duty to investigate was never triggered. *See* 15 U.S.C. § 1681s-2(b); *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005).

Finally, Gulley devotes much of his brief to an assertion that BNC's assignment of the mortgage to U.S. Bank was somehow invalid, and thus U.S. Bank was not the proper party to foreclose his mortgage. But, as U.S. Bank argues, whether the foreclosure was proper has no bearing on the alleged violations of the FDCPA or FCRA (even assuming that we would review a collateral attack on an Illinois foreclosure judgment).

The judgment of the district court is AFFIRMED.