NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted March 7, 2012[*]
Decided March 7, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2548

| | |
|---|---|
| VICTOR GULLEY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 10CV1805 |
| BLITT & GAINES, P.C., and | |
| CITIBANK, N.A. | Charles R. Norgle, Sr. |
| *Defendants-Appellees.* | *Judge*. |

**O R D E R**

Victor Gulley sued Citibank, N.A., and a collections law firm, Blitt & Gaines, P.C., claiming that the defendants had violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, and the Fair Credit Reporting Act, *id*. §§ 1681–1681x. After the district court had granted the defendants' motions to dismiss and closed the case, Gulley twice moved under Federal Rule of Civil Procedure 60(b) to set aside the dismissal. The district court denied both motions, and Gulley has filed a notice of appeal seeking to challenge the denial of his second Rule 60(b) motion and the underlying dismissal of his lawsuit. We do not have jurisdiction to review the dismissal because Gulley's notice of appeal is untimely, and his challenge to the Rule 60(b) motion is without merit.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

This is not the first time Gulley has filed lawsuits involving these statutes. See *Gulley v. Markoff & Krasney, an Ill. P'ship,* 664 F.3d 1073 (7th Cir. 2011); *Gulley v. Pierce & Assocs., P.C.,* 436 F. App'x 662 (7th Cir. Aug. 17, 2011). Here, the district court construed Gulley's complaint as claiming that, after notifying him of an outstanding debt of $11,935, Citibank violated the Fair Debt Collection Practices Act by ignoring his requests to "validate" that debt, telephoning him repeatedly everyday for over a month to discuss payment, turning the debt over to "NCO Systems" for collection, and failing to notify him that the bank had terminated its collection efforts. The bank also violated the Fair Credit Reporting Act, Gulley claimed, by reporting the unpaid debt to credit bureaus, which harmed his credit score. The district court noted that Blitt & Gaines is mentioned in only four paragraphs of the 14-page complaint. The most we can discern from the complaint is an allegation that the law firm attempted collection after discovering that the debt was not "validated."

In dismissing Gulley's complaint, the district court reasoned that Citibank could not have violated the Fair Debt Collection Practices Act because the bank is Gulley's creditor, not a debt collector. Moreover, the judge continued, Gulley could not sue Citibank under the Fair Credit Reporting Act because that statute does not authorize a private right of action for harm caused by furnishing credit bureaus with inaccurate information. As for Blitt & Gaines, the court was unable to discern in Gulley's complaint any factual allegations that would support a claim under either statute.

Gulley then twice moved for relief from the judgment under Rule 60(b). His first motion was filed almost five months after entry of the adverse judgment and essentially rehashed the allegations made in the complaint. The district court denied that motion because Gulley had not argued that the grounds given for dismissing his complaint are erroneous. Nearly six months later, Gulley filed his second Rule 60(b) motion, this time arguing that the district court should vacate the dismissal because, among other reasons, he was "misadvised by the Pro Se Help Desk in the Federal Building" and "omitted from his complaint civil rights violations under 42 U.S.C. § 1983." The judge again denied the motion, explaining that these are not grounds for relief under Rule 60(b). Gulley filed his first and only notice of appeal 25 days later.

On appeal Gulley has not developed any argument for us to review. See FED. R. APP. P. 28(a)(9); *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001). His one page of text disagrees with the dismissal of his lawsuit, but we do not have jurisdiction to review that decision. Gulley filed his notice of appeal almost 13 months after the dismissal, long past the 30-day deadline, see FED. R. APP. P. 4(a)(1)(A); *Bowles v. Russell,* 551 U.S. 205, 209 (2007), and neither of his Rule 60(b) motions operated to extend that deadline because both were

filed more than 28 days after the entry of judgment, see FED. R. APP. P. 4(a)(4)(A)(vi); *The York Group, Inc., v. Wuxi Taihu Tractor Co.,* 632 F.3d 399, 401 (7th Cir. 2011). Our jurisdiction is limited to the denial of Gulley's second Rule 60(b) motion, and Gulley has developed no argument demonstrating why the district court may have erred in denying the motion. With nothing to review, we have no choice but to dismiss the appeal.

DISMISSED.