NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2014[*]
Decided February 21, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-2342

| | |
|---|---|
| MARC NORFLEET, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 09-cv-347-JPG |
| | |
| SHERRY BENTON, et al., | J. Phil Gilbert, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Marc Norfleet, an Illinois prisoner with a back impairment, sued a number of state employees for violations of the Americans with Disabilities Act, seeking injunctive relief and damages. The district judge granted Norfleet's request to proceed *in forma pauperis* but later found that Norfleet failed to disclose a $26,000 settlement in

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

another case, and so the judge dismissed this suit with prejudice. *See* 28 U.S.C. § 1915(e)(2)(A). Norfleet filed a post-judgment motion based on inmate trust account statements showing that the settlement money never went into his account. But the judge denied the motion on grounds that it merely advanced an argument he had considered and found unpersuasive. Norfleet challenged that denial in a second post-judgment motion, arguing that the judge failed to consider the account statements; the judge denied that motion, too, explaining that his dismissal order assumed that the money never went into Norfleet's account.

Norfleet then appealed. More than 30 days had passed, however, since the judge denied the first post-judgment motion, and a successive post-judgment motion does not suspend the time for appealing the underlying judgment. *See* Fed. R. App. P. 4(a); *York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401–02 (7th Cir. 2011). So in an earlier order we confined our review to the denial of Norfleet's second motion.

Norfleet doesn't tell us why he thinks the district judge was wrong to deny that motion, challenging instead the underlying dismissal of his case. His arguments, which should have been raised in a direct appeal, provide no basis for overturning the denial of his successive motion. *West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

**AFFIRMED**.