**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7447**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASHAWN RAKI WALLACE, a/k/a Shawn P,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:07-cr-00155-JFA-17)

Submitted:  May 9, 2019                      Decided:  May 16, 2019

Before MOTZ, AGEE, and WYNN, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Rashawn Raki Wallace, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashawn Raki Wallace seeks to appeal the district court's order dismissing his Fed. R. Civ. P. 60(b) motion as an unauthorized, successive 28 U.S.C. § 2255 (2012) motion and its orders denying his subsequent Fed. R. Civ. P. 59(e) motions. We dismiss the appeal in part and affirm in part.

Initially, we conclude that we lack jurisdiction to review the district court's order dismissing Wallace's Rule 60(b) motion. When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

A timely Rule 59(e) motion tolls the appeal period applicable to the underlying judgment until the court disposes of the motion. Fed. R. App. P. 4(a)(4)(A)(iv). However, "a party may not continue to file Rule 59(e) motions in order to forestall the time for appealing [the underlying judgment]; only the first motion stops the clock." *Martinez v. City of Chicago*, 499 F.3d 721, 725 (7th Cir. 2007) (citation and internal quotation marks omitted); *see Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir. 1996) (collecting cases). Thus, while Wallace's Rule 59(e) motions filed in February 2018 tolled the time to appeal the February 2018 order dismissing his Rule 60(b) motion, his subsequent Rule 59(e) motions did not.

2

The district court's order dismissing Wallace's Rule 60(b) motion was entered on the docket on February 15, 2018. Wallace had until June 25, 2018—60 days after the order denying his Rule 59(e) motions filed in February 2018—to timely note an appeal from the February 15 order. The notice of appeal was filed on November 11, 2018.[1] Because Wallace failed to file a timely notice of appeal from the February 15 order or to obtain an extension or reopening of that appeal period, we dismiss Wallace's appeal of that order.

Wallace's appeal is timely with respect to the April 26 and November 5, 2018, orders denying his Rule 59(e) motions.[2] *See York Grp., Inc. v. Wuxi Taihu Tractor Co.*, 632 F.3d 399, 401-02 (7th Cir. 2011); *Ysais v. Richardson*, 603 F.3d 1175, 1179 (10th Cir. 2010). As to those orders, we have reviewed the record and find no reversible error. Accordingly, we affirm those orders for the reasons stated by the district court. *United States v. Wallace*, No. 3:07-cr-00155-JFA-17 (D.S.C. April 26 & Nov. 5, 2018); *see also Wilkins v. Montgomery*, 751 F.3d 214, 220 (4th Cir. 2014) (standard of review).

We grant leave to proceed in forma pauperis and deny a certificate of appealability as unnecessary. *See United States v. McRae*, 793 F.3d 392, 399-400 (4th Cir. 2015). We

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

[2] Wallace's motion filed in May 2018 is properly construed as a Rule 59(e) motion because it was filed within 28 days of the order it sought to challenge. *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 (4th Cir. 2010); *see also* Fed. R. Civ. P. 59(e) (establishing time to seek relief).

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*
