**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2719
_____

RICKY KAMDEM-OUAFFO,
                                                        Appellant

v.

PLAZA SQUARE APARTMENTS; FRANCES AMMONS; MARIA GEMILLIANA
DESSI; ALYSSA GOLDMAN; TANYA MARRIOTI; JOHN/JANE DOE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:17-cv-01068)
District Judge:  Honorable Michael A. Shipp

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2020

Before:  MCKEE, SHWARTZ and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 15, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Ricky Kamdem-Ouaffo ("Appellant") appeals pro se from the District Court's June 20, 2019 order denying his motion for an extension of time to file an amended complaint.[1]  For the reasons that follow, we will affirm that order.

I.

In February 2017, Appellant filed a pro se complaint in the District Court against the apartment complex in which he lived and several individuals.  The complaint claimed that the defendants had violated Appellant's rights under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq., and New Jersey state law.  In May 2017, Appellant voluntarily dismissed his claims against three of the individual defendants.  On September 5, 2017, the District Court dismissed what remained of the complaint, concluding that (1) Appellant's FHA claim failed to meet the pleading standards of Federal Rule of Civil Procedure 8(a)(2) because "the Complaint is completely devoid of any factual allegations supporting a claim for discrimination," (Dist. Ct. Letter Op. entered Sept. 5, 2017, at 2), and (2) the dismissal of the FHA claim necessitated the dismissal of his pendent state-law claims.  The District Court's dismissal was without prejudice to Appellant's ability to file an amended complaint by October 6, 2017.

Appellant did not file an amended complaint; instead, he filed an appeal challenging the District Court's dismissal order.  In November 2018, we affirmed that

---

[1] Some of the documents in this case have spelled Appellant's last name "Kamdem-Ouaffo," while others have spelled it "Kamden-Ouaffo."

2

order.  See Kamden-Ouaffo v. Plaza Square Apartments, 740 F. App'x 766, 768 (3d Cir. 2018) (per curiam).  We began by explaining that, although the District Court's order had dismissed the complaint *without* prejudice, we nevertheless had jurisdiction to review that order because Appellant had not filed an amended complaint.  See id. at 767 n.2 (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992)).  We then concluded that Appellant had waived his FHA claim because his 84 pages of appellate briefing did not (1) attempt to explain how "[the] allegations in his complaint are sufficient to state a claim for discrimination under the FHA" or (2) "provide any legal citations supporting the argument that his allegations are sufficient to state such a claim."  Id. at 767.  We also concluded that, because the District Court had dismissed Appellant's FHA claim, it was appropriate for that court to dismiss his pendent state-law claims, too.  Id. at 768.

About two weeks after we issued our mandate, Appellant moved the District Court for an extension of time to file an amended complaint.  On June 20, 2019, the District Court denied that motion as moot.  This appeal followed.[2]

---

[2] In a civil action like this one, an appellant generally must file his notice of appeal within 30 days after the entry of the district court's order in question.  See Fed. R. App. P. 4(a)(1)(A).  However, when a litigant timely moves the district court for relief under Federal Rule of Civil Procedure 59(e), the time to appeal from the district court's underlying order does not begin to run until the district court enters an order adjudicating that motion.  See Fed. R. App. P. 4(a)(4)(A)(iv); Long v. Atl. City Police Dep't, 670 F.3d 436, 440 (3d Cir. 2012).  On June 26, 2019, Appellant filed what could liberally be construed as a timely Rule 59(e) motion challenging the District Court's June 20, 2019 order.  The District Court denied that motion on March 31, 2020; therefore, Appellant's notice of appeal from the District Court's June 20, 2019 order, which was filed on July 24, 2019, is timely.  See Fed. R. App. P. 4(a)(4)(B)(i); York Grp., Inc. v. Wuxi Taihu Tractor Co., Ltd., 632 F.3d 399, 401-02 (7th Cir. 2011).

II.

When Appellant elected not to file an amended complaint following the District Court's entry of its September 2017 dismissal order, that order ripened into a final judgment over which we exercised appellate jurisdiction. See Batoff, 977 F.2d at 851 n.5. More than a year later, and after we had affirmed that final judgment, Appellant moved the District Court for an extension of time to file an amended complaint (hereinafter referred to as "the December 2018 Motion"). By that point, for Appellant to obtain leave to file an amended complaint, he also had to move the District Court to reopen his case pursuant to Federal Rule of Civil Procedure Rule 60(b). See Ahmed v. Dragovich, 297 F.3d 201, 208-09 (3d Cir. 2002). "The standard of review for Rule 60(b) motions is abuse of discretion." Id. at 209.

The District Court did not liberally construe Appellant's December 2018 Motion as including a request to reopen his case under Rule 60(b). Instead, the District Court's June 20, 2019 order denied the December 2018 Motion based on the conclusion that this motion was moot. Although the motion was not actually moot, see Mission Prod. Holdings, Inc. v. Tempnology, LLC, 139 S. Ct. 1652, 1660 (2019) (indicating that the doctrine of mootness applies only if it is *impossible* for a court to grant effective relief), we need not disturb the District Court's June 20, 2019 order because we conclude that no

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Appellant did not file a new notice of appeal or amend his original notice after the District Court entered its March 31, 2020 order, our jurisdiction does not extend to that order. See Fed. R. App. P. 4(a)(4)(B)(ii); Witasick v. Minn. Mut. Life Ins. Co., 803 F.3d 184, 191 n.7 (3d Cir. 2015).

4

reasonable district judge would have exercised his or her discretion to *grant* Appellant Rule 60(b) relief in this case.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) (noting that we may affirm a district court's decision on any basis supported by the record).  Again, Appellant passed on the opportunity to file an amended complaint in 2017, and he then forfeited his lone federal claim on appeal by failing to address it in his briefing.  The December 2018 Motion did not articulate any coherent reason why he waited so long to seek leave to amend his complaint.  See Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) ("When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied.").  Nor did the December 2018 Motion give any indication that the amended complaint that he intended to file would attempt to cure the defect identified by the District Court when it dismissed his original complaint.  See Ahmed, 297 F.3d at 209 ("[T]he fact that the amended pleading offered by the movant will not cure the defects in the original pleading that resulted in the judgment of dismissal may be a valid reason both for denying a motion to amend under [Federal Rule of Civil Procedure] 15(a) and for refusing to reopen the judgment under Rule 60(b)." (quoting 6 Charles Alan Wright et al., Federal Practice and Procedure § 1489, at 695 (2d ed. 1990))).  In short, Appellant failed to articulate any viable justification for reopening this case.

In view of the above, we will affirm the District Court's June 20, 2019 order.[3]  In closing, we note that some of Appellant's filings in this case have contained inappropriate

_____

[3] In its June 20, 2019 order, the District Court explained that, in light of

5

content, including unnecessary, offensive remarks directed at the other parties, their counsel, court staff, and the presiding District Court Judge. That content had no bearing on our disposition of this appeal, but we hereby admonish Appellant for including that content and warn him that he could face sanctions if he were to include similar content in any future filing in this Court.[4]

Appellant's failure to file an amended complaint and our affirmance of its September 2017 order, it "deems [the] Complaint dismissed with prejudice." (Dist. Ct. Mem. Order entered June 20, 2019, at 4.) Appellant takes issue with the District Court's "with prejudice" language, as he appears to argue that the claims that he voluntarily dismissed should not have been dismissed *with* prejudice. But since those claims were not the subject of the District Court's September 2017 dismissal order — recall that they had been voluntarily dismissed several months earlier — we do not read the District Court's dismissed-with-prejudice language as applying to those claims. Accordingly, Appellant's argument does not warrant disturbing the District Court's June 20, 2019 order.

[4] To the extent that Appellee Highlands Operating Company, LLC, i/p/a Plaza Square Apartments ("Highlands") asks us to admonish Appellant for the inappropriate content in his filings, that request is granted. To the extent that Highlands asks us to impose other sanctions against him, that request is denied.