**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2414
_____

E. THOMAS SCARBOROUGH, III,
                                                    Appellant

v.

COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY;
SUPREME COURT OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-18-cv-02436)
District Judge: Honorable Jeffrey L. Schmehl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 9, 2024

Before: KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: January 18, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Thomas E. Scarborough III appeals from the District Court's order denying his motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. For the following reasons, we will affirm.

In June 2018, Scarborough commenced an action pursuant to 42 U.S.C. § 1983 claiming that his due process rights had been violated during his child-custody proceedings in Northampton County.[1] In the complaint, which he later amended, he named as defendants the Court of Common Pleas of Northampton County and the Supreme Court of Pennsylvania. The court defendants moved to dismiss the amended complaint on the ground that they were immune from suit under the Eleventh Amendment. The District Court granted their motion and dismissed the amended complaint. We affirmed. Scarborough v. Ct. of Common Pleas of Northampton Cnty., 794 F. App'x 238, 240 (3d Cir. 2020) (per curiam) (not precedential).

Approximately one and a half years later, Scarborough moved the District Court to "vacate a judgment obtained by fraud on the court" under Rule 60(d)(3).[2] Mot. i, ECF No. 17; see Fed. R. Civ. P. 60(d)(3) (recognizing an independent action to set aside a

---

[1] Specifically, Scarborough asserted that the Court of Common Pleas violated his due-process rights by improperly deferring to recommendations from a master; granting primary physical custody to Scarborough's ex-wife without holding a trial; ruling that Scarborough had agreed to a custody schedule when he had not actually agreed to it; and failing to fully consider his submissions. He also claimed that the Pennsylvania Supreme Court violated his due-process rights by dismissing his appeals.

[2] In addition to moving the District Court to vacate the custody order based on fraud on the court, Scarborough also asked the District Court "for judicial notice, for expedited discovery, for preliminary injunctive relief, for partial summary judgment and for leave to file an amended complaint." Mot., ECF No. 17.

judgment for fraud on the court). In the motion, he continued to challenge the legitimacy of the state-court custody proceedings and asked the District Court to vacate the unconstitutional custody order on the ground that his ex-wife had obtained primary custody of their daughter through fraud. The District Court denied relief, explaining that Scarborough could not use Rule 60(d)(3) to address alleged fraud in the state-court proceedings. The District Court further explained that, to the extent that Scarborough was in essence seeking reconsideration of the order dismissing his amended complaint, he could not use Rule 60(d)(3) to relitigate matters of disagreement with the District Court. The District Court also denied Scarborough's various other requests for relief, including, as discussed further below, his request to file a post-judgment amended complaint.

Scarborough then filed a motion pursuant to Rule 59(e) challenging these rulings. The District Court denied relief, stating that Scarborough had yet again essentially recited the allegations of the underlying amended complaint. With respect to Scarborough's request to file a post-judgment amended complaint, the District Court stated that such use of Rule 59(e) was improper. Scarborough appealed.

We have jurisdiction under 28 U.S.C. § 1291. We first stress the narrow scope of this appeal. Scarborough's notice of appeal is timely only as to the District Court's order denying his fraud-on-the-court motion and its subsequent order denying reconsideration thereof, see Fed. R. App. P. 4(a)(4)(iv) (stating that a timely filed Rule 59 motion tolls the time to file an appeal); York Grp., Inc. v. Wuxi Taihu Tractor Co., 632 F.3d 399, 401–02 (7th Cir. 2011); it is not timely as to the District Court's underlying order

3

dismissing the amended complaint—which, in any event, we already reviewed and affirmed, see Scarborough v. Ct. of Common Pleas of Northampton Cnty., 794 Fed. App'x 238 (3d Cir. 2020); Fed. R. App. P. 4(a)(4)(A)(vi) (stating that a Rule 60 motion suspends a judgment's finality only if it filed within the time to file a Rule 59(e) motion; that is, within twenty-eight days of its entry). We review the District Court's order denying the two motions for an abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); United States v. Sierra Pac. Indus., Inc., 862 F.3d 1157, 1166 (9th Cir. 2017).

We have carefully reviewed the record and see no abuse of discretion here. First, the District Court acted within its discretion in denying Scarborough relief as to his fraud-on-the-court claim. A district court "may set aside a judgment based upon its finding of fraud on the court when an officer of the court has engaged in 'egregious misconduct,'" such as bribery or fabrication of evidence. In re Bressman, 874 F.3d 142, 150 (3d Cir. 2017) (quoting Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005)). Such a finding "must be supported by clear, unequivocal and convincing evidence" of "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Herring, 424 F.3d at 386 (citation omitted). In this case, Scarborough asked the District Court to "quash the unconstitutional [custody] order" on the ground that his ex-wife had fraudulently advised the state court that he had consented to the custody agreement. Br. 30, ECF No. 8. As the District Court explained, however, Scarborough could not use an independent action under Rule 60(d)(3) to remedy alleged fraud on the state court, and Scarborough did not provide any evidence of

4

fraud directed at the District Court.  See United States v. Washington, 549 F.3d 905, 912 (3d Cir. 2008) (explaining that "a federal court has the inherent power to vacate its own judgments when they have been procured by fraud" (emphasis added)).[3]

Second, the District Court did not err in denying Scarborough's request for leave to file a post-judgment amended complaint.  Among the factors justifying denial of leave to amend under Rule 15(a)(2) are undue delay, bad faith or dilatory motive, prejudice to the opposition, repeated failures to correct deficiencies with previous amendments, and futility of the amendment.  Mullin v. Balicki, 875 F.3d 140, 149 (3d Cir. 2017) (citing Forman v. Davis, 371 U.S. 178 (1962)).  Scarborough explains that he wished to file a new pleading in order to assert claims against Northampton County officers who "were the policy makers with regard to intentional discrimination, maliciously, abusing discovery and concealing fraud on the court."  Br. 40, ECF No. 8.  But Scarborough had ample opportunity earlier in the case to name new defendants.  It was thus within the District Court's discretion to deny him leave to do so in connection with his Rule

---

[3] To the extent that Scarborough argues that the District Court erred in denying his motion in part on the ground that it was time-barred, he misconstrues the District Court's reasoning.  The District Court did not consider the timeliness of the motion in denying relief.  Scarborough also argues that the District Court erred in declining to consider several new claims that he presented in his motion, including claims under "§ 1985(3); § 1986; § 1988; § 12202, Title VII of the Civil Rights Act (1964), 23 Pa. Cons. Stat. Ann. § 5327(a); § 5328(a)(b) and § 6303."  Br. 29, ECF No. 8.  Scarborough could not present these new causes of action in his fraud-on-the-court motion, which, as previously noted, is limited to allegations that "an officer of the court has engaged in 'egregious misconduct,'" such as bribery or fabrication of evidence.  In re Bressman, 874 F.3d at 150.  Further, as discussed below, he failed to show that he was entitled to amend his complaint to assert new claims.

60(d)(3) motion, which he filed more than three years after the District Court had dismissed his amended complaint. See, e.g., Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273–74 (3d Cir. 2001) (affirming denial of post-judgment motion to amend because, inter alia, the motion was filed three years after the complaint was filed and almost two-and-a-half years after the plaintiffs learned the factual information on which the proposed amendment relied). For this reason, the District Court likewise acted within its discretion in denying Scarborough's request for discovery and a "preliminary injunction" relating to the proposed defendants.

We have considered Scarborough's remaining arguments and conclude that they are meritless. Accordingly, we will affirm.