**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2261
_____

JOANN FONZONE, a/k/a Judy McGrath,
Appellant

v.

JOE OTERI; OFFICER KELECHEWISCKY; OFFICER LESINETTE ORTIZ;
OFFICER BEE; OFFICER KOVAC; PHILLIES; CITIZENS BANK PARK;
CITY OF PHILADELPHIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-12-cv-05726)
Magistrate Judge: Honorable Pamela A. Carlos (by consent)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 26, 2024
Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: February 28, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In October 2012, the appellant, Jo Ann Fonzone, filed a civil rights complaint in the District Court claiming that her constitutional rights had been violated during an incident at a Philadelphia Phillies baseball game.[1] After several years of protracted litigation, the District Court dismissed the complaint for failure to prosecute. ECF No. 212 (citing Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984)).

Fonzone subsequently filed a motion to reopen the proceedings under Federal Rule of Civil Procedure 60(b). She challenged the District Court's Poulis analysis and asserted that she had not been properly served with a copy of the dismissal order. She also raised several objections relating to the pretrial proceedings, arguing, for example, that the defendants had wrongly withheld discovery, and that the District Court had improperly dismissed certain claims. The District Court rejected these arguments and denied relief. Upon review, we dismissed the appeal to the extent that Fonzone challenged the District Court's Poulis dismissal because the notice of appeal was not timely as to that order. We affirmed the denial of the Rule 60(b) motion, agreeing with the District Court that the record did not support Fonzone's contention that she had not been properly served, and that the remainder of her arguments should have been raised via appeal of the underlying order. See Fonzone v. Oteri, No. 22-2301, 2023 WL

---

[1] Specifically, Fonzone alleged that a security guard and a police officer injured her while forcibly removing her from her seating area. She was then placed in a holding cell, where she alleges she was beaten by police. Fonzone was convicted of disorderly conduct for her behavior at the game. See Commonwealth v. McGrath, No. 1716 EDA 2014, 2015 WL 7737493 (Pa. Super. Ct. Dec. 1, 2015).

1813497, at *2–3 (3d Cir. Feb. 8, 2023) (per curiam) (not precedential). Fonzone then filed a second Rule 60(b) motion repeating many of the same arguments. The District Court again denied relief.

In April 2023, Fonzone filed the motion at issue here, a third Rule 60(b) motion. In addition to reasserting issues that the District Court had already rejected, she sought relief under Rule 60(b)(1) on the ground that a "mistake" in the ECF notification system in 2019 incorrectly indicated that her case had been closed when it had only been placed in suspense. She also sought relief under Rule 60(b)(2) on the grounds that audio recordings of the 911 call she made to police constituted "new evidence" demonstrating that she was an "injured crime victim," Br. 4, ECF No. 19-1. The District Court denied relief under the respective rules, explaining that the alleged docketing mistake did not call the validity of the judgment into question, and that the 911 recordings were not "new" because Fonzone had had them for over a decade. Fonzone moved for reconsideration, but the District Court denied that motion as well. Fonzone appealed.

We have jurisdiction under 28 U.S.C. § 1291. We first stress the narrow scope of this appeal. Fonzone's notice of appeal is timely only as to the District Court's order denying her Rule 60(b) motion and its subsequent order denying reconsideration thereof, see Fed. R. App. P. 4(a)(4)(A)(iv) (stating that a timely filed Rule 59 motion tolls the time to file an appeal); York Grp., Inc. v. Wuxi Taihu Tractor Co., 632 F.3d 399, 401–02 (7th Cir. 2011); it is not timely as to the District Court's underlying order dismissing the

3

amended complaint, see Fed. R. App. P. 4(a)(4)(A)(vi) (stating that a Rule 60 motion suspends a judgment's finality only if it is filed within the time to file a Rule 59(e) motion; that is, within twenty-eight days of its entry). We review the District Court's order denying the two motions for an abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

The District Court did not abuse its discretion here. As we explained when her first Rule 60(b) motion was before us, Fonzone cannot use Rule 60(b) to reassert arguments that the District Court has already rejected and that she should have raised via appeal. See Morris v. Horn, 187 F.3d 333, 343 (3d Cir. 1999) (explaining that Rule 60(b) may not be used as a substitute for appeal); see generally Kemp v. United States, 596 U.S. 528, 538 (2022) (declining to define the "reasonable time" standard but noting that Courts of Appeals have used it to deny Rule 60(b)(1) motions alleging errors that could have been raised in a timely appeal). Moreover, as the District Court noted, audio recordings that Fonzone has possessed since before her complaint was dismissed are not "newly discovered" under Rule 60(b)(2). See Fed. R. Civ. P. 60(b)(2) (allowing relief from judgment based on evidence that could not have been discovered within time to move for new trial under Rule 59(b)); Fed. R. Civ. P. 59(b) (providing that "[a] motion for a new trial must be filed no later than 28 days after entry of judgment"). Lastly, the District Court reasonably concluded that the alleged docket-report "mistake" does not

4

warrant reopening under Rule 60(b)(1) because the error did not affect the validity of the Poulis dismissal order.

For these reasons, the District Court acted within its discretion in denying Fonzone's Rule 60(b) motion as well as her subsequent motion for reconsideration thereof. We will therefore affirm the District Court's judgment.