**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2604
_____

CHRISTOPHER HARRIS,
Appellant

v.

OFFICER LESKO, Badge No. 3374, individually and as a police officer for the;
OFFICER DOHAN, Badge No. 4690, individually and as a police officer for the;
CITY OF PHILADELPHIA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-01475)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 9, 2025
Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: January 14, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Christopher Harris appeals from the District Court's orders denying his motions to vacate the dismissal of his case and denying reconsideration thereof. For the reasons that follow, we will affirm the District Court's orders.

I

Harris commenced his civil action against two police officers and the City of Philadelphia in the Philadelphia Court of Common Pleas in 2016. In 2018, Harris added several federal law claims and Appellees removed the case to the District Court. The District Court dismissed Harris's suit pursuant to the Eastern District of Pennsylvania's Local Rule of Civil Procedure 41.1(b)[1] because a status conference had established, on the record, that the parties had settled. Harris filed several unsuccessful motions with the District Court, arguing it had improperly dismissed his case under Rule 41.1(b) because he had refused to sign the agreement and therefore the parties had not settled. Harris then appealed to this Court. We dismissed Harris's appeal in part because the notice of appeal was untimely as to the underlying orders of dismissal. See Harris v. Lesko, 763 F. App'x 291, 293-94 (3d Cir. 2019) (per curiam) (non-precedential). However, we affirmed the District Court order over which we had jurisdiction, a denial of reopening or reconsideration, because Harris had argued the underlying merits of his claim instead of "present[ing] any new evidence, facts, or issues that would tend to show that the settlement agreement was fraudulent, or that the District Court made some sort of mistake in its judgment." Id. at 293.

---

[1] Rule 41.1(b) requires dismissal of a case with prejudice when the parties settle the matter.

2

In January 2024, back in the District Court, Harris filed a Federal Rule of Civil Procedure 60(b)(3) motion to vacate the District Court's 2018 judgment on the grounds of fraud. Harris then filed a second motion to vacate for fraud on the court pursuant to Rule 60(d)(3). The District Court denied Harris's motions in February 2024 after treating both as Rule 60(b) motions and finding them untimely under Rule 60(c)(1). Harris then filed three successive Rule 60(d)(3) motions asking the District Court to vacate the order of dismissal for fraud on the court. The District Court denied Harris's motions on April 2, 2024. Harris filed a motion for reconsideration on April 17, 2024, which the District Court denied on August 13, 2024. Harris timely appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291, but we stress the narrow scope of this appeal. Harris's notice of appeal is timely only as to the District Court's April 2, 2024 order denying his Rule 60(d)(3) motions to vacate for fraud on the court and its subsequent order denying reconsideration. See Fed. R. App. P. 4(a)(4)(iv) (stating that a timely filed Rule 59 motion tolls the time to file an appeal); York Grp., Inc. v. Wuxi Taihu Tractor Co., 632 F.3d 399, 401-02 (7th Cir. 2011). The notice of appeal is not timely as to any other prior order issued by the District Court, and we therefore lack jurisdiction to review those orders. See Bowles v. Russell, 551 U.S. 205, 209 (2007). We exercise plenary review of any legal questions, and we review the District Court's decision to deny the motions for abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); see generally In re

3

Bressman, 874 F.3d 142, 148 (3d Cir. 2017); Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011).

After a review of the record, we conclude the District Court did not err when denying Harris's Rule 60(d)(3) motions for relief and his motion for reconsideration. A district court "may set aside a judgment based upon its finding of fraud on the court when an officer of the court has engaged in 'egregious misconduct,'" such as bribery or fabrication of evidence. In re Bressman, 874 F.3d at 150 (quoting Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005)). Such a finding "must be supported by clear, unequivocal and convincing evidence" of "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Herring, 424 F.3d at 386-87 (citation omitted).

In this case, Harris asked the District Court to vacate the 2018 order of dismissal and recuse from hearing the case. Harris contended that the District Court itself had committed fraud and "harmed the integrity of the judicial process" when it dismissed his complaint based on Rule 41.1(b) since Harris had thereafter refused to sign the written terms of the settlement and had provided "clear evidence" of his refusal to the District Court. Harris further contended that because the District Court had not held an evidentiary hearing regarding whether he had signed the settlement agreement, the "fraud upon the court was directed at the 'record' itself." (ECF 38 at 5.) On appeal Harris raises similar arguments.

The record reflects that the District Court dismissed the case because the parties, during a status conference the day prior to the dismissal, had agreed on the record to

settle the matter.  (ECF 7, 8.)  Although Harris later refused to sign the written terms, he has not shown  the type of "egregious misconduct" or "intentional fraud" that would justify setting aside the judgment at this late stage.  See Herring, 424 F.3d at 390; In re Bressman, 874 F.3d at 152-53.  The District Court therefore did not err in denying Harris's motions to vacate for fraud on the court and his subsequent motion for reconsideration.[2]

Accordingly, we will affirm the District Court's orders.

---

[2]  We further discern no abuse of discretion in the District Court's decision not to recuse. See Liteky v. United States, 510 U.S. 540, 555 (1994) (providing that adverse legal rulings are not proof of prejudice or bias and almost never a basis for recusal); Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).