NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2015
Decided June 3, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-3182

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 CR 820 |
| ANTHONY L. SIMMONS, | |
| *Defendant-Appellant*. | Amy J. St. Eve, *Judge*. |

**O R D E R**

Anthony Simmons was convicted after a jury trial of wire fraud, *see* 18 U.S.C. § 1343, and bankruptcy crimes, *see id*. §§ 157, 1519. The district court sentenced him within the guidelines range to a total of 78 months' imprisonment. Simmons filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Simmons opposes counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. We limit our discussion to those issues plus the additional points that Simmons, disagreeing with counsel, believes have merit. *See United States v. Bey*,

748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir. 1996). For the reasons that follow, we dismiss Simmons's appeal.

Simmons used wholly owned Unity Management & Development Corporation to target unsophisticated homeowners in financial straits. In one scheme, which ran for two years beginning in 2004, Simmons represented that homeowners with equity but falling behind on their mortgage could sell to a Unity "investor" and stay in the house as a renter until better fortune allowed a repurchase. The "investors," though, actually were straw purchasers paid $10,000 by Simmons to lend their names to loan applications full of falsehoods. Simmons never discussed selling price with a distressed owner, so when a house sold he simply kept as his "fee" the difference between the straw purchaser's loan and the retired mortgage. In one instance, that was nearly 25% of the new loan. The straw purchasers predictably defaulted, and so the homes still ended up in foreclosure. For this scheme Simmons was convicted of three counts of wire fraud.

Then in 2007, Simmons, again through Unity, began preparing and filing skeletal bankruptcy petitions on behalf of distressed homeowners willing to pay his exorbitant fees. The homeowners typically had no intention of pursuing the bankruptcy case but hoped that the automatic stay, *see* 11 U.S.C. § 362, would stall a foreclosure suit. On the bankruptcy petitions Simmons failed to disclose his status as a non-attorney preparer, *see id*. § 110(b)(2)(B)(i), and with those petitions he submitted false certifications that the debtor had engaged in credit counseling, *see id*. § 109(h)(1). This scheme led to three convictions for bankruptcy fraud and another three for falsifying records in a bankruptcy proceeding.

Appellate counsel begins by questioning whether Simmons could argue that the wire-fraud charges were barred by the statute of limitations, which is 5 years. *See* 18 U.S.C. § 3282(a); *United States v. McGowan*, 590 F.3d 446, 456 (7th Cir. 2009). A § 1343 violation occurs each time an interstate wire is used to *execute* a scheme to defraud, *see United States v. Sheneman*, 682 F.3d 623, 629–30 (7th Cir. 2012); *United States v. Turner*, 551 F.3d 657, 666 (7th Cir. 2008), and for each use a new 5-year limitations period begins to run, *see United States v. Baldwin*, 414 F.3d 791, 795 & n.1 (7th Cir. 2005), *overruled in unrelated part by United States v. Parker*, 508 F.3d 434 (7th Cir. 2007); *United States v. Eckhardt*, 843 F.2d 989, 993 (7th Cir. 1988). Thus, an appellate claim would be frivolous because Simmons was indicted in September 2010, less than 5 years after each wire transfer underlying a § 1343 count. *See McGowan*, 590 F.3d 456–57; *Eckhardt*, 843 F.2d at 993–94.

Regardless, Simmons never asked the district court to dismiss the § 1343 counts as untimely. Instead, trial counsel filed a "notice" of his intention to object, based on the statute of limitations, to any *evidence* concerning events that occurred more than 5 years before he was indicted. Counsel asserted that, even if the scheme to defraud had started in 2004 as alleged, anything Simmons did before September 2005 (5 years before the grand jury indicted) was too old to prosecute and thus, according to counsel, constituted "other crimes" evidence excluded by Federal Rule of Evidence 404(b). This premise is frivolous. As Simmons's new lawyer recognizes, the statute of limitations and Rule 404(b) do not place temporal constraints on the government's proof of a single scheme to defraud, no matter how long before indictment that scheme was commenced. *See United States v. Tadros*, 310 F.3d 999, 1007 n.5 (7th Cir. 2002); *United States v. Barnes*, 230 F.3d 311, 315 (7th Cir. 2000); *United States v. Wellman*, 830 F.2d 1453, 1464 (7th Cir. 1987). Moreover, an appellate claim resting on trial counsel's "notice" would be especially meritless since he never followed through by *objecting* to particular evidence as stale.

In his Rule 51(b) response, Simmons offers two contentions related to the points discussed by counsel. First, Simmons posits that we lack appellate jurisdiction because, he believes, the proceedings in the district court will not be final until the district court discusses trial counsel's "notice." That belief is mistaken; the judge's handling of the "notice" does not affect our jurisdiction. Second, Simmons contends that the district court should have instructed the jury that it could not find him guilty of wire fraud without agreeing unanimously that all of his conduct comprising that offense was committed within five years of indictment. This proposed argument rests on the mistaken belief that, because of the statute of limitations, the indictment necessarily charges two schemes to defraud by means of wire, one reaching back 5 years before indictment and the other ending before then. *Cf. United States v. Jackson*, 479 F.3d 485, 491 (7th Cir. 2007) (explaining that jury unanimity might be a concern if indictment alleges two crimes in single count). In fact, the indictment alleges a single scheme running from 2004 into 2006, and, as we've already noted, it is the date that a scheme to defraud is *executed* by use of an interstate wire, not the date that the scheme began, that matters for purposes of the statute of limitations. Thus, we would conclude that the district court's admonishment that the jury needed to find the existence of a scheme beyond a reasonable doubt, coupled with the general unanimity instruction, adequately instructed the jury. *See United States v. Schiro*, 679 F.3d 521, 533 (7th Cir. 2012); *United States v. Davis*, 471 F.3d 783, 791 (7th Cir. 2006).

Counsel next considers whether Simmons could challenge the denial of his pretrial motion to sever the wire-fraud counts from the counts charging bankruptcy crimes. In his *Anders* brief counsel confuses severance with misjoinder. Misjoinder occurs when the government charges in the same indictment crimes not satisfying the criteria of Federal Rule of Criminal Procedure 8(a). *See United States v. Davis*, 724 F.3d 949, 955 (7th Cir. 2013); *United States v. Blanchard*, 542 F.3d 1133, 1141 (7th Cir. 2008). By contrast, under Federal Rule of Criminal Procedure 14(a), a district court may sever properly joined charges if separate trials are necessary to avert prejudice to a party. *See United States v. States*, 652 F.3d 734, 743 (7th Cir. 2011); *United States v. Ervin*, 540 F.3d 623, 628–29 (7th Cir. 2008). But neither theory could have benefitted Simmons, and pressing either on appeal would be fruitless.

We review claims of misjoinder de novo, looking only to the face of the indictment. *See Davis*, 724 F.3d at 955; *United States v. Hosseini*, 679 F.3d 544, 552 (7th Cir. 2012). The district court concluded that the charges of wire fraud and bankruptcy crimes share "similar character," *see* FED. R. CRIM. P. 8(a), and thus were properly joined. That broad basis for joinder concerns categorical similarity, not temporal or evidentiary overlap. *See United States v. Berg*, 714 F.3d 490, 495 (7th Cir. 2013); *United States v. Alexander*, 135 F.3d 470, 476 (7th Cir. 1998). And the charged crimes, each of them involving a form of fraud, are of like character. *See Alexander*, 135 F.3d at 476 (concluding that mail fraud and bankruptcy fraud are of similar character); *United States v. Koen*, 982 F.2d 1101, 1111–12 (7th Cir. 1992) (same for mail fraud and embezzlement). And as the district court noted, the accusation that Simmons used Unity to target victims in similar financial straits underlies and directly links all nine counts in the indictment.

As for severance, Simmons did not renew his motion after the close of evidence, so an appellate claim challenging the adverse ruling would, most likely, be deemed waived. *See United States v. Alviar*, 573 F.3d 526, 538 (7th Cir. 2009); *United States v. Rollins*, 301 F.3d 511, 518 (7th Cir. 2002). And waiver aside, Simmons would be unable to convince us that he was actually prejudiced by having a single trial on all nine counts. *See United States v. Quilling*, 261 F.3d 707, 715 (7th Cir. 2001); *United States v. Dixon*, 184 F.3d 643, 645 (7th Cir. 1999). The government produced overwhelming documentary and testimonial evidence to support each charge. *See United States v. Carter*, 695 F.3d 690, 701 (7th Cir. 2012); *Dixon*, 184 F.3d at 645–46; *United States v. Todisijevic*, 161 F.3d 479, 484–85 (7th Cir. 1998). Moreover, Simmons was adequately protected against prejudice because the jury was instructed to separately evaluate each charge. *See Carter*, 695 F.3d at 701–02; *Quilling*, 261 F.3d at 715.

Finally, counsel notes that he evaluated the sentencing proceedings but did not find even colorable support for a procedural or substantive challenge. The district court calculated a guidelines imprisonment range of 70 to 87 months and decided that 78 was the appropriate term. Counsel did not identify any possible error in the court's application of the guidelines, and we would presume the resulting term of imprisonment to be reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). Counsel sees nothing in the record that would warrant setting aside that the presumption, nor do we.

The motion to withdraw is **GRANTED**, and this appeal is **DISMISSED**.