In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 15-1844

MICHAEL ARMSTRONG,

*Plaintiff-Appellant,*

*v.*

BEN LOUDEN, *et al.,*

*Defendants-Appellees.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 12-cv-01171-MJR-SCW — **Michael J. Reagan**, *Chief Judge.*

———————

SUBMITTED AUGUST 18, 2016 — DECIDED AUGUST 22, 2016

———————

Before POSNER, EASTERBROOK, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Michael Armstrong contends in this suit under 42 U.S.C. §1983 that police officers in Belleville, Illinois, needlessly used a Taser against him when he was disoriented after being hit by a bus. We assume for the purpose of this appeal that Armstrong was knocked unconscious by the bus and unable to respond to commands issued by the police in the minutes after he regained consciousness. The defendants moved for summary judgment,

contending that use of the Taser was reasonable under the circumstances as they appeared to the police, who did not have all the facts. Armstrong did not reply to the motion for summary judgment. The district court accepted defendants' version of events and on May 1, 2014, entered judgment in their favor.

Armstrong did not file a notice of appeal within the 30 days allowed by 28 U.S.C. §2107(a) or request an extension under §2107(c). See also Fed. R. App. P. 4(a)(1)(A). In September 2014 he asked the clerk of court for a docket sheet, which showed that the case had been closed in May. On January 12, 2015, Armstrong filed a motion asking the court to reopen the case on the ground that he had not received defendants' motion for summary judgment or the order granting it. The motion was captioned as one under Fed. R. Civ. P. 59(e), but the district judge deemed it to be under Rule 60(b), because it had been filed well after the 28 days that Rule 59 allows. The district judge denied this motion on January 27, 2015, because he thought Armstrong himself responsible for the lack of notice.

Armstrong notified the clerk of court that his address had changed, but the notice did not contain the caption or docket number of either of the two suits he had pending. The clerk searched the docket and found one case, changing the address in that one, but did not locate the other. The district court wrote that Armstrong should have informed the clerk of all docket numbers affected by the address change. Perhaps the clerk assumed that Armstrong had only one case pending and stopped the search after finding it. That's a reasonable assumption; most litigants have only one suit pending at a time. A litigant is in the best position to alert

the court's staff to all affected cases. Armstrong should count himself lucky that the clerk managed to track down and fix the address information in even one of his suits.

Once again Armstrong did not appeal. Instead, on March 9, 2015, he filed a second motion for relief from the judgment of May 2014. The district court denied this on March 13, observing that Armstrong had not provided any new reason, and that the decision of January 27 therefore should stand.

Thirty-eight days after the order of March 13, a notice of appeal appeared in the district court's electronic filing system. The Southern District of Illinois permits law libraries of state prisons to use the electronic system, and this is how the notice of appeal was filed. We directed Armstrong to explain why this appeal should not be dismissed as untimely. He replied via a declaration, see 28 U.S.C. §1746, that he gave the notice to the law library's staff on April 12, which would have allowed a timely filing, but that the prison's employees tarried. We have no reason to doubt the veracity of that contention and therefore deem the appeal timely under the mailbox rule, which provides that the filing date of a notice is the date it is placed in the prison mail system. Fed. R. App. P. 4(c)(1). If a prison requires legal documents to be handed over to the law library, that counts as a legal-mail system and makes the appeal timely even if the prison's staff is laggard. See *Taylor v. Brown*, 787 F.3d 851, 858–59 & n.10 (7th Cir. 2015).

This conclusion does not assist Armstrong, however, because he did not appeal at all until the district court had denied multiple post-judgment motions. Successive post-judgment motions do not allow an effective extension of the time to appeal from the denial of the initial motion, let alone

the original judgment. See, e.g., *Browder v. Director, Department of Corrections*, 434 U.S. 257, 263 n.7 (1978); *York Group, Inc. v. Wuxi Taihu Tractor Co.*, 632 F.3d 399, 401 (7th Cir. 2011). The only thing appealable was the district court's order of March 13, 2015, and that order is unexceptionable, because Armstrong did not provide a good reason to upset the order of January 27. Litigants cannot string out the process, and defer the time for appeal, by filing successive motions.

Armstrong contends that the district court should not have treated his contest to the order of January 27 as a successive Rule 60 motion. Instead, he maintains, the court should have proceeded as if the motion had been filed in mid-February, and therefore as a Rule 59(e) request to change the Rule 60 decision. That would have permitted an appeal from the decision of January 27 under Fed. R. App. P. 4(a)(4)(A)(iv), which says that Rule 59 motions suspend the time to appeal. But the earliest plausible filing date under the prison-mailbox rule was more than 28 days after the decision of January 27, so this motion was indeed successive, rather than a timely request to reconsider the initial post-judgment decision.

And there is a further problem. Although the district judge and the litigants have discussed Armstrong's initial post-judgment motion as if it were one under Rule 60(b), that is not the right rule. Appellate Rule 4(a)(6) governs what happens when a litigant does not receive timely notice of a judgment's entry. Rule 4(a)(6)(B) permits a district court to reopen the time to appeal, but only if the motion is filed within 180 days of the judgment, or 14 days of actual notice, whichever is earlier. Armstrong learned of the judgment within 180 days of its entry, but he waited some three

months to ask the district court for relief (and that request arrived about eight months after the judgment's entry). So his request was late under both parts of Rule 4(a)(6)(B), and the district court lacked authority to reopen the time for appeal. Treating Armstrong's January 2015 motion as under Rule 4(a)(6)(B) would mean that the March 2015 submission was the first genuine Rule 60(b) motion, but that would not matter. Armstrong missed deadlines that a court is forbidden to extend, see Fed. R. App. P. 26(b)(1); Fed. R. Civ. P. 6(b)(2), so the characterization of the papers that Armstrong filed in March 2015 is irrelevant.

Whether we look at this case through the lens of Appellate Rule 4(a)(6) or Civil Rule 60(b), Armstrong has taken too long after learning about defendants' motion for summary judgment and the resulting judgment. He is not entitled to a further opportunity to litigate.

AFFIRMED