**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 13, 2017[*]
Decided April 20, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 16-3315

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 CR 820 |
| ANTHONY SIMMONS, *Defendant-Appellant*. | Amy J. St. Eve, *Judge*. |

**O R D E R**

Anthony Simmons appeals the denial of his request for a new trial, *see* FED. R. CRIM. P. 33. Simmons had orchestrated schemes to defraud distressed homeowners facing foreclosure, and in April 2013 a jury found him guilty of wire fraud, 18 U.S.C. § 1343, bankruptcy fraud, *id.* § 157, and falsifying records in a bankruptcy proceeding, *id.* § 1519. *See United States v. Simmons*, 606 F. App'x 848 (7th Cir. 2015). Simmons did not

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

request a new trial until more than three years later, and the district court denied both this request and a subsequent request for reconsideration as untimely. We affirm.

In his motion for a new trial, filed in April 2016, Simmons alleged that newly discovered evidence showed that the government introduced at trial three "false" pieces of evidence. These included a stipulation describing three interstate electronic wire transfers of mortgage-loan funds related to properties involved in the scheme; alleged testimony that Simmons was a "bankruptcy preparer"; and a chart summarizing the mortgages and bank transactions related to the properties. On July 29 the district court denied the motion. Accepting the arguments put forth by the government, the court concluded that Simmons had not identified any relevant evidence that was newly discovered, and thus had brought his motion far outside the fourteen-day window for seeking a new trial based upon other grounds, *see* FED. R. CRIM. P. 33(b)(2). Even if the motion were based on newly discovered evidence, the court added, it was filed one day past the three-year window for that type of motion, *see* FED. R. CRIM. P. 33(b)(1). On the merits, the court continued, Simmons would fail because the evidence was within his own knowledge at the time of trial and could have been discovered with due diligence.

Simmons filed a motion for reconsideration seventeen days later, on August 15, 2016. He attached to the motion a certificate of service, signed that day, stating that the motion was being hand-delivered to the courthouse by a relative or friend. In the motion, Simmons did not contest the issue of timeliness and instead largely repeated the allegations in his motion for a new trial and blamed his attorney for failing to uncover new evidence. The district court summarily denied the motion that same day.

On August 29 Simmons filed a notice of appeal, and in his appellate brief he asserts that his motion for a new trial was timely. His motion was timely, he says, because the three-year deadline fell on a Sunday and he filed his motion the following day, as permitted by FED. R. CRIM. P. 45(a)(1)(C). But as the government points out, Simmons's August 29 notice of appeal was timely only with regard to the district court's August 15 denial of his motion for reconsideration. *See* FED. R. APP. P. 4(b)(1)(A). Under Rule 4(b)(1)(A), Simmons had fourteen days to appeal the July 29 denial of his motion for a new trial, and this deadline he did not meet. Filing a motion for reconsideration within those fourteen days would have rendered the district court's decision nonfinal and restarted the time for filing a notice of appeal. *See United States v. Healy,* 376 U.S. 75, 78–80 (1964); *United States v. Beard,* 745 F.3d 288, 291 (7th Cir. 2014); *United States v. Rollins,* 607 F.3d 500, 501–02 (7th Cir. 2010). But Simmons filed his motion three days beyond that window.

Simmons argues that his motion for reconsideration should be deemed timely under the "prison mailbox rule" because he e-mailed the motion within fourteen days to a family member who later hand-delivered the motion to the court. Under the mailbox rule, however, the filing date for inmates is the date when they place the document in the prison mail system. *See* FED. R. APP. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 271 (1988); *Armstrong v. Louden*, 834 F.3d 767, 769 (7th Cir. 2016). But even if the mailbox rule were to apply to a situation where a prisoner sends the motion to a third party for delivery, *see, e.g.*, *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (mailbox rule inapplicable when inmate mailed habeas corpus petition to third party); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999) (same), Simmons had to establish timely filing through a sworn declaration, 28 U.S.C. § 1746, notarized statement, or other evidence such as a postmark, *see* FED. R. APP. P. 4(c)(1)(A). *See Ford v. Wilson*, 747 F.3d 944, 948 (7th Cir. 2014); *Ray v. Clements*, 700 F.3d 993, 1012 (7th Cir. 2012). Simmons submitted two e-mails from an unidentified person saying that an unidentified document could not be delivered before the courthouse closed. But neither of these attachments complies with Rule 4(c); moreover, Simmons signed and dated the certificate of service three days after the date he allegedly e-mailed the motion.

Because Simmons did not file his motion to reconsider within fourteen days of the district court's underlying decision, it is in substance another motion for a new trial, *see Beard*, 745 F.3d at 291; *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011), which if based on newly discovered evidence had to be filed within three years of the jury's verdict, *see* FED. R. CRIM. P. 33(b)(1). Simmons did not file his motion until nearly four months past that three-year limit; his motion was therefore untimely.

Accordingly, the district court's judgment is AFFIRMED. Simmons also has moved for default judgment and to renew bail pending appeal. Those motions are DENIED.