In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 20-1276

LAWRENCE KRIVAK,

*Plaintiff-Appellant,*

*v.*

HOME DEPOT U.S.A., INC.,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-cv-6105 — **Gary Feinerman**, *Judge.*

_____

ARGUED APRIL 27, 2021 — DECIDED JUNE 17, 2021

_____

Before SYKES, *Chief Judge*, and EASTERBROOK and SCUDDER,
*Circuit Judges*.

SCUDDER, *Circuit Judge*. After Lawrence Krivak fell and in-
jured himself in a Home Depot parking lot, he sued the store
but failed time and again to prosecute his case. Krivak's coun-
sel missed many court conferences and seemed to pay little
attention to court rules and case deadlines. Along the way,
counsel's delinquency drew a scolding and sanction from the
magistrate judge and, in time, led to the district court giving

one clear and final warning—miss no more conferences or face dismissal of your case. When Krivak's counsel no-showed another time, the district court stuck to its word and dismissed the case. Krivak twice sought relief from the judgment, but here too his counsel continued to miss deadlines, thus limiting the scope of what we can review on appeal. The only challenge properly before us is to the district court's refusal to reopen the case, and because we see no abuse of discretion, we affirm that judgment.

## I

In July 2015 Krivak tripped in the parking lot of a Home Depot store in Elk Grove Village, Illinois. He sued Home Depot U.S.A., Inc. in state court, claiming that he sustained substantial injuries, including a fractured elbow, because of the store's negligence. He alleged that his injuries required multiple surgeries and several sessions of physical and occupational therapy. Home Depot removed the case to federal court on the basis of diversity jurisdiction. See 28 U.S.C. §§ 1332(a)(1), 1441(a).

Beginning with the first status conference, Krivak's counsel, John James Corbett, missed many court appearances, played loose with deadlines, and eventually drew a discovery sanction and reprimand from the magistrate judge. Krivak's counsel attributed his delinquency to his firm's unfamiliarity with federal practice—specifically, his assistant's inexperience with monitoring the district court's electronic docket and keeping an eye out for emails transmitting court orders, scheduling information, and the like. But even as the litigation progressed over the course of two years, the inattention continued. The district court's patience eventually ran out.

As discovery came to a close, Krivak's counsel failed to appear at the final two status conferences before the magistrate judge. The no-shows prevented the court from confirming a dispositive motions schedule. The magistrate judge and the district judge both warned counsel against missing further conferences. The magistrate judge provided a clear and precise instruction: "If counsel, for any reason, is unable to personally appear, he must notify the Court at least 24 hours in advance." And the district judge similarly warned that if counsel failed to appear at yet another conference without 24 hours' notice and good cause, "this case will be dismissed with prejudice for want of prosecution." The magistrate judge and district judge then both scheduled status conferences for December 19, 2019. Of his own accord, however, the district judge struck his conference and rescheduled it for a day in the new year. But the magistrate judge's conference remained on the calendar for December 19.

Despite both judges' warnings, Krivak's counsel failed to appear at the magistrate's December 19 status conference. Nor did counsel provide any advance notice or explanation for his absence. In his minute entry, the magistrate judge stated that he was unable to confirm whether discovery was complete without counsel's presence and explained that this status conference was the third in a row at which Krivak's counsel failed to appear without notice or any attempt to provide good cause.

The next day, the district judge concluded that enough was enough and dismissed the case with prejudice because, despite the court's "clear warning," Krivak's counsel "again failed to appear for a status hearing without advanced notice or explanation," and the "failure to appear interfered with the

progress of the case." The district court entered final judgment on December 20, 2019.

At this point, Krivak's counsel apparently realized the magnitude of the problem caused by his delinquency and sought relief from the judgment. Counsel filed his first post-judgment motion on December 23, which he titled a motion to vacate the judgment under "Rule 6(b)." He explained that his assistant mistakenly believed the court had canceled *both* December 19 conferences, and so she did not keep the magistrate judge's conference on the calendar. On January 6, 2020, the district court denied the motion because "Rule 6(b)" supplied no grounds for the relief sought, the motion did not address any of the requirements for a post-judgment motion under Rules 59(e) or 60(b), and counsel's excuse for missing the December 19 status conference did not justify relief in light of the court's clear warning.

The following day, Krivak and his counsel appeared in person in the district court and asked to be heard. The district court permitted counsel to make an oral motion for post-judgment relief. Counsel acknowledged and clarified that his motion under "Rule 6(b)" reflected a typo and should have read as a Rule 60(b) motion. He also reiterated that his latest failure to appear resulted from a calendar error, and he explained that his three prior missed appearances likewise reflected similar scheduling mistakes by his assistant. In an effort to fall on his own sword, Krivak's counsel urged the court not to dismiss the case because his client had been litigating the case for years and suffered a significant injury after falling in the Home Depot parking lot. The plea for another chance proved too late.

The district court denied the oral Rule 60(b) motion on January 17, 2020, explaining that, after admonishing Krivak's counsel multiple times, counsel should have known "that he was on vanishingly thin ice and that no further failures to appear would be tolerated." Counsel, the court emphasized, had a personal responsibility to track the court's scheduled conferences, especially given the fact that his staff's errors had caused his earlier failures to appear. Given counsel's delinquency over the course of the entire litigation and the court's multiple warnings, including "rarely expressed ire from the very patient Magistrate Judge," counsel's failure to attend the December 19, 2019 hearing was "inexcusable and provided ample justification" for dismissing the case with prejudice for want of prosecution.

Krivak now appeals.

## II

We begin, as we must, with our jurisdiction, and, more specifically, with whether Krivak's appeal is timely. See *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). This timeliness question entails much complexity, in no small part because of Krivak's counsel's continued inattention to the deadlines in the federal rules.

### A

The beginning point is simple enough. The district court entered judgment on December 20, 2019. Under 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), Krivak had 30 days to appeal.

The analysis is complicated by the fact that Krivak's first post-judgment motion deferred the initial appeal deadline. A

"timely post-judgment motion in the district court suspends the judgment's finality and thus defers the time for appeal until the district judge has acted on the motion." *York Grp., Inc. v. Wuxi Taihu Tractor Co.*, 632 F.3d 399, 401 (7th Cir. 2011) (citing FED. R. APP. P. 4(a)(4)). Because Krivak filed an initial timely motion to reconsider the judgment, the starting date for the 30-day appeal window became January 6, 2020, the date on which the district court denied that motion. It matters not for purposes of our analysis that Krivak labeled his initial motion a "Rule 6(b) motion," because regardless of what counsel called it, all substantive motions filed within the time period described by Rule 59(e) fall under that Rule regardless of the lingo associated with the post-judgment motion. See *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin*, 957 F.2d 515, 517 (7th Cir. 1992). So the new deadline to appeal the judgment and post-judgment order became February 5, 2020—30 days from January 6.

Recall also that Krivak then filed a second motion seeking relief from the December 20, 2019 judgment. On January 7, 2020, the day after the district court denied his first post-judgment motion, Krivak appeared in the district court and orally moved for relief, this time relying on Federal Rule of Civil Procedure 60(b). Yet this second, oral motion did not further defer the appeal deadline because, as we explained in *York Group*, only one post-judgment motion can trigger deferral under Federal Rule of Appellate Procedure 4(a)(4)(A). See 632 F.3d at 401 ("A second or successive post-judgment motion does not affect the time for appeal."); see also *Armstrong v. Louden*, 834 F.3d 767, 769 (7th Cir. 2016) ("Litigants cannot string out the process, and defer the time for appeal, by filing successive motions.").

It is possible that Krivak intended with his oral motion to seek reconsideration from the court's denial of his first post-judgment motion, but that too would not have deferred his time to appeal. See 16A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3950.4 (5th ed. 2021) ("If a motion listed in Rule 4(a)(4) is made, and the time for appeal is extended, a motion to reconsider the district court's denial of the motion does not suspend further the running of the appeal period; the losing party is entitled to only one suspension."). Thus, even after the district court denied the second motion on January 17, 2020, the appeal deadline remained February 5, 2020.

Krivak blew that deadline by waiting until February 14, 2020 to file his notice of appeal. Once the appeal hit our docket, we caught the deficiency and issued an order questioning the timeliness of his appeal. Krivak responded by returning to the district court and asking for an extension of time within which to appeal pursuant to 28 U.S.C. § 2107(c), which permits district courts to extend the time for appeal upon a showing of good cause or excusable neglect.

The district court granted the motion to extend the time to appeal. It reasoned that Krivak's failure to timely appeal reflected "excusable neglect" because he "reasonably understood" his second motion that he made in open court on January 7, 2020 "to have been his first and only Civil Rule 60(b) motion." Having concluded that Krivak satisfied the excusable neglect requirement, the court extended the appeal deadline to February 14, 2020.

B

This messy record complicates our determination of the scope of Krivak's appeal. We can say for certain that Krivak timely appealed the district court's denial of his second post-judgment motion—his oral Rule 60(b) motion. He filed his notice of appeal on February 14, 2020—within 30 days of the January 17 denial. But what, if anything else, is properly before us is much less clear. We review for abuse of discretion the district court's finding that Krivak's failure to timely appeal from the judgment dismissing the case resulted from "excusable neglect," as defined by 28 U.S.C. § 2107(c). See *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chi.*, 926 F.3d 427, 431 (7th Cir. 2019).

Section 2107(c) allows an extension of time to file a notice of appeal upon a "motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal" and "a showing of excusable neglect or good cause." 28 U.S.C. § 2107(c). We have previously explained that because Congress imposed this limitation, the requirement to show excusable neglect or good cause to file an appeal outside the original deadline is jurisdictional and cannot be sidestepped or waived. See *Nestorovic*, 926 F.3d at 431. With this jurisdictional requirement front and center, we are left to determine whether the district court abused its discretion by extending the appeal deadline.

In these circumstances, the district court had no room to make a finding of excusable neglect or good cause, so granting the extension reflected an abuse of discretion. The district court's finding rooted itself in a determination that Krivak "reasonably believed" his second post-judgment motion was his "first and only" Rule 60(b) motion. But that finding,

however accurate, is of no legal consequence. Appellate Rule
4(a)(4)(A), we have concluded, "refers to a *single* post-judg-
ment motion"—including a Rule 59(e) *or* a Rule 60(b) mo-
tion—as deferring the appeal deadline. *York Grp.*, 632 F.3d
at 401; see also *Armstrong*, 834 F.3d at 769. So whether
Krivak's second motion was the first under Rule 60(b) does
not matter. His earlier motion under Rule 59(e) deferred the
appeal deadline once and only once.

Nor did Krivak's motion to extend the appeal deadline
provide any legitimate basis for doing so. The motion con-
firmed counsel's neglect but offered nothing suggesting that
the neglect was excusable. In the end, counsel's "inability or
refusal to read and comprehend the plain language of the fed-
eral rules" cannot satisfy the strict excusable neglect standard
under § 2107(c). *Satkar Hosp., Inc. v. Fox Television Holdings*,
767 F.3d 701, 706 (7th Cir. 2014) (quoting *Prizevoits v. Ind. Bell
Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996)). Because § 2107(c) re-
quires a showing that Krivak did not make, he was not enti-
tled to an extension of time, and his appeal of the underlying
judgment is untimely.

All of this leads us to conclude that Krivak's appeal is lim-
ited to the district court's denial of his second post-judgment
motion filed under Rule 60(b). As a practical matter, however,
that conclusion changes very little because Krivak's appeal is
all and only about whether the district court abused its dis-
cretion in dismissing his case for lack of prosecution. The dis-
trict court's denial of the Rule 60(b) motion effectively
amounted to reinforcing and standing by its original dismis-
sal decision. So by reviewing the district court's denial of the
Rule 60(b) motion, we are, for all intents and purposes, re-
viewing the underlying dismissal order. And we have no

doubt that the district court acted well within its discretion in dismissing Krivak's case.

## III

A litigant's willful failure to prosecute a lawsuit can justify punitive dismissal with prejudice. See, *e.g.*, *Cartwright v. Silver Cross Hosp.*, 962 F.3d 933, 936 (7th Cir. 2020). The decision to issue such a severe sanction rests within the district court's discretion. See *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018). District courts are in closer proximity to the facts and circumstances leading to dismissal. Our review, therefore, is deferential. We will reverse only upon a showing that the district court has abused its discretion. See *id.*

We see no abuse of discretion here. Krivak's counsel missed many conferences. This delinquency even reached the point of drawing a discovery sanction for placing little importance on court orders. When his inattention to scheduling matters persisted, the district court gave a clear and final warning. Nonetheless, counsel still inexplicably missed the next conference. And he has no one to blame but himself, as attorneys—not their staff—"are expected to exercise diligence in monitoring the disposition of their cases." *Martinez v. City of Chicago*, 499 F.3d 721, 728 (7th Cir. 2007) (quotation omitted). Disregarding court orders and deadlines is a risky course, and counsel's inattention caught up with him. The district court acted within its broad discretion by sticking to its word. See *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (holding dismissal was appropriate following "an explicit warning").

The misfortune of Krivak bearing the cost of counsel's shortcomings is not lost on us, but it does not provide reason

to overturn the district court's decision. "[A]ttorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Dzik v. Bayer Corp.*, 846 F.3d 211, 216 (7th Cir. 2017) (quoting *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)). Because Krivak chose counsel as his agent, he bears the consequences of counsel's actions. See *Martinez*, 499 F.3d at 728. It pains us to observe that "[t]he proper remedy, if [Krivak] is to have one at all, is a malpractice action against the attorney." *Id.* That choice belongs to Krivak, and we take no position on the merits of such a claim.

For these reasons, we AFFIRM.