**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2022[*]
Decided March 21, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 20-3113

| | |
|---|---|
| DEXTER TAYLOR, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| | |
| *v.* | No. 1:18-cv-458 |
| | |
| MICHAEL SHEPARD, *et al.*, | Virginia M. Kendall, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

Dexter Taylor appeals the dismissal of his lawsuit for lack of prosecution and for disobeying the district court's instructions. After dismissing the case for a second time, the court gave Taylor a year to seek reinstatement, then granted two six-month

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

extensions and warned him that no further extensions would be allowed. Taylor never moved for reinstatement, and so the court dismissed the case. Because that decision was within the court's discretion, we affirm.

In 2018, Taylor filed a lawsuit under 42 U.S.C. § 1983 to challenge a 2012 traffic stop. He alleged that police officers violated his rights under the Fourth and Second Amendments, and state law, by stopping him without probable cause and searching his vehicle, where they found an improperly-stored firearm. An attorney helped Taylor file his original complaint but later withdrew, and Taylor proceeded *pro se*.

The suit never got past the pleadings. The first district judge assigned to the case twice dismissed it without prejudice. The first time, Taylor had failed to pay the filing fee or file a legible motion to proceed in forma pauperis. Taylor successfully moved to vacate the dismissal, after which the court granted his new application to proceed in forma pauperis, screened his complaint, *see* 28 U.S.C. § 1915A, and allowed him to proceed. (It also denied his duplicative motions for the judge's recusal.) An attorney appeared for the defendants, but no responsive pleading was filed while Taylor searched for a new lawyer. The court continued scheduled status conferences for him to do so, but when Taylor did not appear with counsel, the court dismissed the case again, with leave to reinstate within one year.

Taylor sought, and received, two six-month extensions on the deadline for reinstatement. The first time, he cited illness; the second, he provided no reason. When granting the second extension, the court warned that "[n]o further extensions will be allowed." About a month before the final deadline, without having yet moved to reinstate the case, Taylor filed a motion for recruitment of counsel. The defendants opposed that motion, arguing that Taylor had not shown that he was incompetent to litigate the case himself or that he had made reasonable attempts to obtain counsel, despite the long delay. The court adopted the defendants' reasoning and denied Taylor's motion. The deadline for reinstatement passed, but Taylor did nothing but file more requests for counsel and move, again, to proceed in forma pauperis.

Then, the presiding district judge retired, 28 U.S.C. § 294(b), and the newly assigned judge promptly dismissed the case with prejudice for lack of prosecution and for disregarding the order to reinstate the case by a date that had long passed. The court explained that, despite clear instructions, two extensions, and a warning that no more time would be granted, Taylor never moved for reinstatement of the case. Instead, he

filed repetitive motions. Further, it was unfair to the defendants for the case to remain pending while Taylor was not "actively prosecuting" it.

Our review of a dismissal for lack of prosecution is deferential, and we will affirm unless "the decision strikes us as fundamentally wrong." *See McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018) (internal quotation marks and citations omitted). Courts have inherent authority to dismiss a case under Federal Rule of Civil Procedure 41(b) if a party allows it to lie dormant or disobeys court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). Factors a court should consider when dismissing a case include the frequency and magnitude of the plaintiff's failure to comply with deadlines and prejudice to the defendants. *McMahan*, 892 F.3d at 931–32.

Here, the district court patiently offered Taylor multiple opportunities to revive his case after his initial stumbles. Taylor squandered them by failing to file a motion to reinstate, even after two extensions and a warning that no more would be granted. *Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 606 (7th Cir. 2021) (affirming dismissal when inattention to scheduling continued after a "clear and final warning"). After the second dismissal, Taylor waited over a year and a half to take *any* action, and even then he did not do what he intended (appear with a lawyer) or what the district court had instructed (move to reinstate). *See McMahan*, 892 F.3d at 932 (sixteen months of inaction justified dismissal); *Krivak*, 2 F.4th at 606 (disregarding court orders and deadlines supported dismissal). Further, the court correctly noted that Taylor's prolonged neglect of the case was unfair to the defendants. An unreasonable delay presumptively causes prejudice, particularly when the underlying events occurred long before the plaintiff filed suit. *McMahan*, 892 F.3d at 932. At the time of the final dismissal, Taylor's suit had been pending for almost three years without moving past the complaint stage. And the suit concerned a traffic stop that, by this point, occurred almost a decade earlier.

Taylor offers three reasons why the dismissal was erroneous, but none are persuasive. First, citing the local rules, he says that his case was not inactive for six months before dismissal—he filed motions during that time—so it could not be dismissed. N.D. ILL. L.R. 41.1 ("Cases which have been inactive for more than six months may be dismissed for want of prosecution.") But the rule does not say that *only* cases that are inactive for six months may then be dismissed, and, in any case, the rule is for the benefit of the court and does not create rights enforceable by litigants. *Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013). Second, Taylor says the district court should have considered lesser sanctions before turning to the harsh punishment

of dismissal with prejudice. But courts are not required to enter lesser sanctions before dismissing a case for lack of prosecution, and it is unclear what other sanction could apply. *McMahan*, 892 F.3d at 932. Finally, Taylor faults the court for failing to give him specific instructions about how to reinstate his case, but he does not claim that confusion is what caused him to disregard the clear order to move for reinstatement. And Taylor knew how to file such a motion—he had successfully moved to vacate the first dismissal. In any case, the court was not required to provide assistance on court procedures, even to a *pro se* litigant. *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

Taylor also contests the denial of his motions for the first judge's recusal and for recruitment of counsel. But there were no legitimate grounds for recusal and no abuse of discretion in the denial of counsel. *See Pruitt v. Mote*, 503 F.3d 647, 658 (7th Cir. 2007) (en banc).

We have considered Taylor's remaining arguments, and none has merit.

AFFIRMED