In the

# United States Court of Appeals
### For the Seventh Circuit

---

No. 21-2890

RANDALL EWING and YASMANY GOMEZ,

*Plaintiffs-Appellants*,

*v.*

ERIK CARRIER and D'APRILE PROPERTIES, LLC,

*Defendants-Appellees*.

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 19-cv-03791 — **John F. Kness**, *Judge*.

---

ARGUED MAY 19, 2022 — DECIDED MAY 25, 2022

---

Before FLAUM, EASTERBROOK, and SCUDDER, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Randall Ewing and Yasmany Gomez sued 1645 W. Farragut, LLC, for fraud and breach of contract. After District Judge Coleman denied a motion to add Erik Carrier (one of the LLC's members) and D'Aprile Properties (Carrier's employer) as additional defendants, a jury returned a verdict of $905,000 in plaintiffs' favor. Judge Coleman has denied the LLC's motion for judgment as a matter of

law, but its motion for a new trial remains pending. 2022 U.S. Dist. LEXIS 80846 (N.D. Ill. May 4, 2022).

Instead of waiting for a final decision and taking an appeal to argue that Judge Coleman should have allowed them to add Carrier and D'Aprile, plaintiffs filed a second suit, this time against Carrier and D'Aprile. The second suit, which presents the same substantive claims as the first, was assigned to District Judge Kness. He dismissed it as barred by the doctrine of claim preclusion, even though the first suit is ongoing. 2021 U.S. Dist. LEXIS 177381 (N.D. Ill. Sept. 17, 2021). Plaintiffs call Carrier and the LLC "alter egos," which if true means that the law treats them as a single entity. Judge Kness observed that you can't sue a single entity twice for the same wrong.

Plaintiffs ask us to reverse that decision and hold that they can indeed sue a single entity twice, one name per suit. We do not reach that argument, because there is an antecedent problem. Plaintiffs are engaged in judge-shopping. They do not like Judge Coleman's decision to limit the first suit to the claims against the LLC, and they have sought the view of a second district judge. Judge Kness should not have obliged.

Local Rule 40.4 in the Northern District of Illinois permits district judges to ask the court's Executive Committee to consolidate related suits before a single judge. Rule 40.4(c) says that a motion to reassign "shall be filed in the lowest-numbered case of the claimed related set". In this set of cases the motion should have been filed before Judge Coleman. But the LLC did not have a reason to request transfer, and the plaintiffs, who were parties to both suits, did not *want* transfer. Their objective is to have two judges consider their claims, then take the more favorable of the two outcomes.

Preventing such a resolution requires initiative by the judge assigned to the second suit. Even though Rule 40.4 calls for a motion to be filed in the lower-numbered case, the judge in a higher-numbered case can act on his own. Judge Kness knew that the two suits present identical claims by the same plaintiffs. He knew that the first suit was still pending. He therefore knew everything necessary to see that both suits should be handled by one judge.

The judiciary has an interest, independent of litigants' goals, in avoiding messy, duplicative litigation. Suppose we were to affirm Judge Kness's decision. Plaintiffs would retain a second chance on appeal from the final decision entered by Judge Coleman, where they would argue that she should have allowed them to add Carrier and D'Aprile. Win or lose on that point, plaintiffs could try to collect from Carrier in the enforcement proceedings following the first suit, as the LLC apparently does not have the assets to pay the judgment. That could yield a third appeal. There could be further proceedings to try to ascertain the basis, if any, on which D'Aprile might be liable for Carrier's acts. That might require appeals in the enforcement proceedings of the first suit, and separately in the second suit. To add still more complexity, resolving plaintiffs' claims against D'Aprile might require a second jury trial in the second suit. Plaintiffs say that it won't, because they would be entitled to the preclusive effect of the existing jury decision, but it is not clear how these plaintiffs can use issue preclusion as a sword while denying Carrier the benefit of claim preclusion as a shield—and doubly unclear how the first jury's decision could bind D'Aprile.

Things are simplified if both suits are before a single judge. Following a transfer, Judge Coleman undoubtedly would

stay proceedings in the second suit until the first reached its conclusion. If the judgment against the LLC should be set aside, the basis for a separate suit against Carrier would evaporate. And if the judgment against the LLC becomes final, plaintiffs could enforce that judgment against any alter ego in collection proceedings under Fed. R. Civ. P. 69. If, as plaintiffs say, Carrier is the LLC's alter ego, then Carrier will be required to satisfy the judgment. A second suit is unnecessary, then, whether plaintiffs win or lose in the first.

Plaintiffs should not have filed this second suit; the new defendants should have asked for a transfer or a stay; the second judge should have acted even if the parties were content to duplicate the proceedings. All litigants and lawyers must avoid multiplying litigation. See 28 U.S.C. §1927; *Dugan v. R.J. Corman R.R.*, 344 F.3d 662, 670 (7th Cir. 2003); *Chicago Title & Trust Co. v. Verona Sports Inc.*, 11 F.3d 678, 679 (7th Cir. 1993).

The judgment is vacated, and the case is remanded with instructions to request the district court's Executive Committee to transfer this suit to Judge Coleman.