**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 14, 2022[*]
Decided July 21, 2022

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-2836

| | |
|---|---|
| KEVIN E. CARTER, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19-cv-06296 |
| CVS PHARMACY, INC., | Andrea R. Wood, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

This is Kevin Carter's third federal appeal arising from two lawsuits in which he brought workplace-discrimination claims against his former employer. Both cases were dismissed because of a duty to arbitrate the claims, and we already affirmed the denial of Carter's motion for relief from the judgment in one case. We now do the same with respect to his postjudgment motion in the second case.

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). We unanimously agree to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Carter first unsuccessfully sued his former employer, CVS Pharmacy, Inc., for discrimination in 2018. District Judge Virginia Kendall dismissed the complaint without prejudice, concluding that the claims were covered by a valid and enforceable arbitration agreement. In arbitration, Carter's claim was barred as untimely. He appealed the dismissal of his federal case, but that appeal was also untimely. *See Carter v. CVS Pharmacy, Inc.*, No. 19-2511, 2019 WL 11584992 (7th Cir. Sept. 17, 2019). He then moved for relief from the judgment under Federal Rule of Civil Procedure 60(b)(2)–(3), asserting that he had new evidence and that CVS committed fraud on the court. Judge Kendall denied his motion and dismissed the suit with prejudice. We affirmed. *See Carter v. CVS Pharmacy, Inc.*, 827 F. App'x 601 (7th Cir. 2020).

Around the same time, Carter filed another lawsuit, which was assigned to Judge Andrea Wood. He re-alleged his discrimination claims against CVS, and added claims of conspiracy and breach of contract. CVS moved to dismiss based on the arbitration agreement (without raising a defense of claim preclusion). Judge Wood granted the motion, again upholding the mandatory arbitration clause. Carter filed two motions under Rule 60(b)(3), asserting that CVS committed fraud on the court, and appealed the decisions denying them. As explained in a previous order, under 28 U.S.C. § 2107(a), this appeal is timely only with respect to the second motion. *Carter v. CVS*, No. 21-2836, Doc. 9, (March 1, 2022).

This appeal is successive to the one we already addressed. It derives from a separate suit, but that suit is duplicative: it involves the same essential facts with respect to the underlying discrimination claim and the circumstances under which Carter consented to arbitrate such disputes. Seventh Circ. Operating Procedure 6(b); *see Lardas v. Grcic*, 847 F.3d 561, 565 (7th Cir. 2017) (treating as related two appeals of proceedings "aris[ing] from a long-running and acrimonious business dispute").

In this appeal, Carter mainly reiterates his arguments that the arbitration agreement is invalid. He insists that he had no meaningful opportunity to review the agreement before signing it via electronic consent and that CVS concealed its terms and then prevented him from pursuing even the arbitration process that it requires.

We review the denial of Carter's second Rule 60(b)(3) motion for an abuse of discretion. *See Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 606 (7th Cir. 2021) (same standard applies to successive Rule 60(b) motions). Carter has given us no reason to question Judge Wood's decision not to reconsider her ruling that his discrimination

claims must be presented, if at all, to an arbitrator. The motion under review here presented no ground for vacating the dismissal based on fraud. As Judge Wood explained, Carter identified no specific misconduct or misrepresentations by CVS in procuring the dismissal, and provided no new evidence of wrongdoing. On appeal, he attempts to supply such evidence, but we may not consider it for the first time. *See* FED. R. APP. P 10(e).

We note that because Carter's second lawsuit advanced the "same substantive claims" against the same defendant, *Ewing v. Carrier*, 35 F.4th 592, 593–94 (7th Cir. 2022), CVS could have raised a preclusion defense under Illinois law instead of re-arguing the applicability of the arbitration clause. *See Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1016 (7th Cir. 2014). Along those lines, we caution Carter that "the judicial system cannot tolerate litigants who refuse to accept adverse decisions." *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995). Further duplicative suits or appeals may result in a monetary fine and a filing bar until he pays in full. *See Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

AFFIRMED